ADLER-GOLDMAN COMMISSION COMPANY *v.* CLEMONS.

Opinion delivered June 19, 1897.

BONA FIDE PURCHASER—CONSIDERATION.—The fact that a part of the consideration paid for the purchase of land was a pre-existing debt will not prevent the purchaser from being entitled to protection as an innocent purchaser where the rest of the consideration was new. (Page 200.)

Appeal from Searcy Circuit Court in Chancery.

BRICE B. HUDGINS, Judge.

*Rose, Hemingway & Rose*, for appellants.

One holding under a mortgage or deed of trust is entitled to protection as a *bona fide* purchaser. 31 Ark. 85; 49 *id.* 207; 35 S. W. Rep. 433. There was no proof that appellants had any notice. Martin's purchase was not fraudulent—he bought for himself at an open, public, fairly conducted sale; and had a right to sell afterwards to any one. 2 Woerner. Am. Law of Adm. p. 1086; Bump, Fr. Cond. (3 Ed.) p. 19.

*A. Y. Barr* and *E. W. Kimball*, for appellees.

The administrator purchased at his own sale, and it is void. 27 Ark. 637; 34 *id.* 63; 46 *id.* 25; 58 *id.* 84. The claim that appellants were innocent purchasers is not sustained by the evidence. All the circumstances are against them. Wait, Fr. Conv. pp. 382, 281. They had notice. Their mortgage was given to secure a pre-existing debt. 35 S. W. Rep. 433. The purchase money not having been paid, neither Hodges nor McBride is entitled to protection. 32 Ark. 251; 27 *id.* 98. The rents and profits exceeding the purchase money, no tender was necessary. 48 Ark. 248. The findings below should be sustained unless clearly unsupported by the evidence. 42 Ark. 521; 44 *id.* 216.

BUNN, C. J.   R. M. Clemons died intestate, and seized of the land in controversy, to-wit: The northwest quarter of the northeast quarter, and the south half of the northeast quarter, of section 32, in township 15 north, range 17 west, situate in Searcy county; and the same, on the application of his administrator, W. J. Clemons, was sold by order of the probate court, at its July term, 1878, to one N. R. Martin, for the sum of $335, and the sale was duly confirmed on report being made thereof.

On the 25th of December, 1879, Clemons, the administrator, having killed a man, fled the county, and never returned; and, in January following, one Drewery was appointed administrator *de bonis non* of the estate of R. M. Clemons, and was ordered to make the deed to Martin, according to the terms of sale aforesaid, and did so; and this deed, being reported, was subsequently approved by the probate court, namely at its October term, 1883.

Soon after ·W. J. Clemons left the state, N. R. Martin took possession of the land under his purchase; Clemons having retained possession up to that time, and having made some small improvements on the land.

On the 20th of March, 1888, Martin, being indebted to the Adler-Goldman Commission Company in the sum of about $1,500, and requiring an additional sum of about five or six hundred dollars, which the company then and there advanced him, executed his deed of trust conveying said lands to secure said indebtedness, but on the 20th of October, 1890, being unable to pay said indebtedness, made his deed to the company conveying said land in fee to it, and it at the same time conveyed the land to one W. P. Hodges, taking his deed of trust back to secure the purchase money and other sums. On the 15th of April, 1893, Hodges, having failed to pay his said indebtedness to the appellant company, reconveyed the fee in the lands to it, and it then conveyed to N. J. McBride, one of the parties hereto, taking his deed of trust back to secure the purchase money.

It is alleged by the appellees, who are the heirs at law of R. M. Clemons, deceased, and who were the plaintiffs in the court below, that the sale by W. J. Clemons, as administrator, to Martin was collusive, and really made for the administrator's benefit, and so purchased by Martin, and therefore void; that the price was inadequate; and that the Adler-Goldman Company was not an innocent purchaser from Martin, but had notice of the fraudulent sale, and that the consideration it paid to Martin was only a pre-existing debt.

The evidence goes to show that the administrator's sale was regular, and that the price paid for the land was not unreasonably small. On the other hand, it showed that two or three days before the sale, the administrator was heard to say, in a crowd of people (addressing himself to no particular person), that "if some man would buy the land, he could make something on it, for he, himself, would give a man more for it than it would cost to buy it;" and further, that "he could not himself buy it, directly or indirectly, as he was selling it as administrator."

There is no proof that any agreement was made between the administrator and Martin before the sale, but Martin testifies

that, having heard the remark of Clemons to the crowd, and as he had already decided to purchase the land for himself any way, he then concluded within himself, without any communi-cation with Clemons, to purchase, and let him have the land afterwards if he desired to buy it from him; and that he agreed with Clemons after the sale to do so, he agreeing to pay him $25 for his bid; and that he was intending to carry out this agreement until Clemons fled the county, and then he concluded to abandon the agreement, and retain the purchase, and so took possession as stated, and obtained his deed.

Whatever might be the rights of appellees as against Martin under this state of the case, it is unnecessary for us to say; but, as against Adler-Goldman Commission Company and others holding under Martin, a somewhat different case presents itself. In the first place, according to the rulings of this court, the Adler-Goldman Company, in so far as the consideration it gave Martin for the land is concerned, was an innocent pur-chaser, since a part of the consideration was new, notwithstand-ing the greater portion was a pre-existing indebtedness from Martin to it.

In the next place, the evidence fails to show that the Adler-Goldman Company, or any member of it, had any notice, of any kind, of any irregularity in the administrator's sale, or any information sufficient to put it on inquiry, before they had acquired the land from Martin. Even admitting that some intimation of irregularities was afterwards made to some mem-ber or members of the company, as was sought to be shown by the plaintiffs, it does not appear that any particular defect was the subject of such intimation. It is unnecessary to pursue the inquiry any further. Upon the whole case, we think the decree of the court is not sustained by the evidence, and the same is reversed and remanded, with instructions to enter decree in accordance herewith.

Absent WOOD, J.