HONNETT *v.* WILLIAMS.

Opinion delivered January 28, 1899.

1. TRUST—RIGHT OF BENEFICIARY TO CONVEY INTEREST.—Where a grandfather conveyed certain land to his son and his wife as trustees for the sole separate use and benefit of their children then living, and of any issue they might thereafter have, free from the debts of such trustees, except that they might appropriate the rents and profits of the land for the support of themselves and their children, a mortgage executed by the surviving trustee and by such of the children as were of age will convey the shares of such adult children freed from any charge for such trustee's sustenance. (Page 152.)

2. RATE OF INTEREST—ACCOUNT.—When a mortgage given to secure an account provided that the items of the account which were for money advanced should bear interest at the rate of 10 per cent., while other items should bear only 6, interest will be allowed at the latter rate only

in a suit to foreclose the mortgage if the plaintiff fails to separate the items of money advanced from the other items of the account.    (Page 155.)

Appeal from Jefferson Chancery Court.

JAMES F. ROBINSON, Chancellor.

### STATEMENT BY THE COURT.

The facts in this case are as follows:    One Willoughby Williams, Sr., being the owner of land in Jefferson. county of this state, conveyed the same to his son, Willoughby Williams, Jr., and the wife of his son, Anna H. Williams, by the following deed:

"This deed, made and entered into this, 29th day of May, A. D. 1877, by and between Willoughby Williams, Sr., of the county of Davidson, in the state of Tennessee, as party of the first part, and Willoughby Williams, Jr., Anna H. Williams, his wife, of the second part, and Andrew F. Williams, Nannie W. Williams, Harry McLemore Williams, and Alex N. Williams, children of the parties of the second part, and any issue from them (the said parties of the second part) they may hereafter have, parties of the third part, witnesseth, that the said party of the first part, for and in consideration of love and affection to the parties of the third part, and the sum of five dollars to him in hand paid by the said parties of the second part, the receipt of which is hereby acknowledged, does by these presents give, grant, bargain, sell and convey and assign to and with the said parties of the second part the following described real estate lying and being situated in Jefferson county in the state of Arkansas, and known as the southwest quarter of section 3, the northwest quarter of section 10, and that part of the southwest quarter of section 10 north of King's bayou, in township 6 south, of range 7 west, containing four hundred acres, more or less.    To have and to hold the same, with all and singular the rights, privileges and appurtenances thereunto belonging or in any wise appertaining, unto the said parties of the second part, their heirs and assigns forever, in trust to and for the sole and separate use, benefit and behoof of Anne F., Nannie W., Harry McLemore, and Alex N.

Williams (and any issue they, the parties of the second part, may hereafter have), children of the said parties of the second part, free from debts, demands or liabilities of the said parties of the second part, or their control, further than the use and appropriation of the rents and profits of the said land for the sustenance of themselves and the support, education and maintenance of the children aforesaid, and of any issue they may hereafter have. They, the said parties of the second part, may, however, whenever they may deem it wise to do so, without the intervention of any court, sell and convey in fee simple said real estate, and reinvest the proceeds of said sale for the sole separate use and benefit of said children of the said parties of the second part, and any issue they may hereafter have, free from the debts and liabilities of the said parties of the second part. The said party of the first part hereby warrants and defends the title to said lands to the said parties of the second and of the third part against the lawful claims of all parties whomsoever. In testimony whereof the said party of the first part hereunto affixes his hand and seal this day and year above written.       WILLOUGHBY WILLIAMS.''

After the execution of this deed another child, John N. Williams, was born to Willoughby Williams, Jr., and Anna H. Williams, and is a beneficiary under the terms of the trust deed. Willoughby Williams, Jr., the husband of Anna H. Williams, died in 1892. At the time of his death, he and his wife were indebted to appellants, Honnett & Weil, in the sum of about $500 for supplies and money furnished them for the use of themselves and family, and for the cultivation of the lands held in trust by them. To secure the payment of this debt, and also to secure means to cultivate said land in 1893, and for their support and maintenance, the appellees, Anna H. Williams, Andrew F. Williams, Henry McLemore Williams, Alexander N. Williams and Nannie W. Williams, on March 24, 1893, executed a promissory note to Honnett & Weil for the sum of $500 due November 15, 1894, and also executed a mortgage on the lands mentioned to secure said note and supplies to be advanced. Honnett & Weil made advances of supplies and money during 1893, and afterwards, on 2d of Janu-

ary, 1895, brought this action to foreclose the mortgage, and to recover the sums on the note and account.

The chancery court gave judgment against the appellees for the sum of $1,385, the amount due on note and account, but adjudged that the mortgage was void by reason that appellees had no power to charge said land with the debts sued on.

*I. Reinberger* and *Crawford & Hudson,* for appellants:

Restraints upon alienation are not countenanced now, and can not avail to give a man an estate free from claims of his creditors. Gray, Restraints on Alienation (2 Ed.), § 4; *ib.* pp. 105, 119; Const. Ark. (1874), art. 2, § 19; 4 Kent's Comm. 266; 8 Ark. 302; 6 Ark. 109; 125 Mass. 263; Lewin, Trusts, 97, 98; Perry, Trusts, §§ 386, 386*a*; 2 Story, Eq. § 974, 974*a*; Underhill, Trusts, 67–73; 1 Dembitz, Land Tit. 103, 165; 57 Pa. 236; 26 S. W. 813; 12 *ib.* 1035; 24 S. W. 343; Sand. & H. Dig. §§ 696, 3049. There being no express restraint on alienation in the deed, none can be implied. 125 Mass. 356; 71 Mass. 336. The right of the heirs was a vested one. Bouvier's Dict. title "To vest"; Fearne, Rem. 2. There can be no inalienable equitable fee. 57 Pa. 236; 2 Am. & Eng. Dec. Eq. 634. The trustee had power to mortgage the trust estate. 27 Am. & Eng. Enc. Law, 138, note 2; *ib.* 136; 75 Ga. 130; 68 Ia. 255; 36 N. J. Eq. 169; 52 L. T. N. S. 494; 1 Rawle, 231; 151 Pa. St. 323; 14 W. N. C. (Pa.) 76; 22 Ont. Rep. 560; 160 Pa. St. 95. A future interest in lands can be conveyed, and is subject to the payment of debts. Sand. & H. Dig. § 701–2; 14 Ark. 489; 17 Ark. 674; 125 Mass. 263.

*D. H. Rousseau* and *Austin & Taylor,* for appellees.

The owner of property has a right to provide that the rents and profits of his estate shall go to his children, and that the estate shall be not subject to the payment of their debts, if they should be improvident or unfortunate; and, in such a case, it is not necessary that the instrument declare in terms that the property is to be held free from creditors, if such intent is sufficiently manifest. 4 Fed. 136; 59 Fed. 923; 135 Pa. St. 585; 8 Bush, 661; 79 Ky. 5. The trustee and the adult beneficiaries had no power to, sell as long as there was a minor with an indefinite interest. Gray, Restraints or Aliena-

tion, § 116; 5 W. & S. 323; 36 Pa. St. 338; 2 W. N. C. 533; 133 Pa. St. 342; 46 Pa. St. 392; 59 Pa. St. 393; 67 Pa. St. 473; 49 Pa. St. 213; 80 Pa. St. 348; 2 Rawle, 33; 7 Watts, 547; 4 Allen, 566; 111 Ill. 247; 143 Ill. 301; 66 Md. 436; 30 Vt. 338; 45 Vt. 24; 59 Vt. 530; 20 Mo. App. 616; 96 Mo. 439; 10 Gratt. 336; 11 Gratt. 552; 28 Gratt. 192; 87 Va. 758; 2 Lowell, 575; 91 U. S. 716. The note was given for a past consideration, and is unenforceable. Beach, Mod. Law, Cont. §160; 21 Ark. 18.

RIDDICK, J., (after stating the facts.) This is an action to foreclose a mortgage. The main question presented for our consideration is whether the mortgagors had power to execute a valid mortgage upon the lands mortgaged. The land in question was owned by Willoughby Williams, Sr., who conveyed it to his son, Willoughby Williams, Jr., and Anna H. Williams, the wife of his son, in trust for their children, "free from the debts or liabilities" of the said Willoughby Williams, Jr., and Anna H. Williams, "or their control, farther than the use and appropriation of the rents and profits of said lands for the sustenance of themselves and the support, education and maintenance of the children aforesaid." Four of the children and their mother, Anna Williams, joined in the execution of the mortgage to appellants. If they owned a vested interest in the land, they could mortgage it; for the general rule is that the beneficial interest of the *cestui que trust* in land may be sold and conveyed as other interests in property, legal or equitable. Speaking of this question, Mr. Pomeroy says that, "with the exception in reference to married women, the estate of the *cestui que trust* cannot, by any restrictions annexed to the trust, be rendered inalienable, nor can it be stripped of the other incidental rights of ownership. It is also liable for the debts of the beneficiary. It cannot be so created that, while it is subsisting, and enjoyed by the beneficiary, it shall be absolutely free from such liability. The trust may be so limited that it shall not take effect unless the beneficiary is free from debt, or that his estate shall cease upon his becoming insolvent, or upon a judgment being recovered against him, and shall thereupon vest in another person; but the *cestui que trust* cannot hold and enjoy his interest en-

tirely free from the claims of creditors." 2 Pomeroy's Equity, § 989; *Mebane* v. *Mebane*, 4 Rich. Eq. 131; S. C. 44 Am. Dec. 102; *Heath* v. *Bishop*, 4 Rich. Eq. 46; S. C. 55 Am. Dec. 654; *Brandon* v. *Robinson*, 18 Vesey (Eng.), 429.

While the rule, as thus announced by the learned author, is the settled law of England, and is followed in some of our states, it has been repudiated by the courts of other states, and also, it seems, by the supreme court of the United States.* These latter courts uphold what are sometimes called spendthrift trusts, which restrain the power of the *cestui que trust* to alien or incumber the trust property. But, while the rule in favor of spendthrift trusts has now the sanction of many learned courts, it has been condemned by certain text-writers as an innovation that has added nothing of value to the jurisprudence of those states that have adopted it. Gray, Restraints on Alienation; Wait, Fraud. Conv. §§ 364–5. The question as to the validity of such trusts has never been decided by this court, but, so far as it has been alluded to, the intimations seem to favor the old rule that, if property, either legal or equitable, be vested in one, it becomes liable to the incidents of property, and capable of being sold or conveyed by the owner, or seized for his debts, —subject, of course, to such protection as may be granted by homestead and exemption laws. *Lindsay* v. *Harrison*, 8 Ark. 302; *Phillips* v. *Grayson*, 23 *ib.* 769.

We are not required to decide the question in this case, for no restraints appear to have been placed by the deed under consideration upon the *cestuis que trust* in the matter of alienating the trust property. If, therefore, they had at the time of the mortgage any vested interests in this property under the trust deed of Willoughby Williams, Sr., there is nothing that restrains them from mortgaging the same.

At the time the mortgage which appellants ask to foreclose was executed, Willoughby Williams, Jr., was dead, and there was no possibility of further issue to the marriage of himself and Anna Williams. The beneficiaries under the deed of trust of Willoughby Williams, Sr., were determined, and each of the children of said Willoughby and Anna Williams had in equity

---

*Nichols* v. *Eaton*, 91 U. S. 716, and Gray, Restraints on Alienation, where the English and American cases are collected and ably discussed. .

a vested estate in fee simple in said lands, subject to the right of their mother, Mrs. Anna Williams, to a support out of the rents and profits of the same during her life. After they all become of age, the five children will, under the terms of the trust deed, be each entitled to a fifth share of the rents and profits of the estate conveyed by such deed, subject to the right of their mother to a sustenance out of same. The children are now all of age, except John N. Williams. He did not join in the mortgage, and we are of the opinion that the trustee had no power to mortgage his interests, and that he is not affected by such mortgage. He is entitled, not only to a support and maintenance, but also to be educated out of the income from the trust estate. Until he arrives of age, he should have set apart for him, out of the rents and profits of the estate, an amount equal to that of the adult beneficiaries, and even greater if necessary to maintain and educate him. As to Mrs. Anna Williams, the land was conveyed to her and her husband for "the sole and separate use, benefit and behoof" of the children. If she had a beneficial interest in the land under this deed, it was a legal, and not an equitable, interest, and could be conveyed; but we are not certain that she had any interest that could have been mortgaged, had the children not joined in the deed; for her right to a sustenance out of the income seems to have been intended, not as an interest in the land, but as an emolument connected with her office of trustee. But she could join with any child in a conveyance, and thus release the share of such child from any charge for her support. Four of the five children joined with her in the execution of the mortgage under consideration, and we are of the opinion that the mortgagees have the right to foreclose such mortgage, and that the purchasers at such foreclosure sale will take the shares of such children freed from any charge for her sustenance; and this interest in the land, according to admissions of counsel for appellant, is more than sufficient to satisfy the mortgage debt.

We are also of the opinion that the personal judgment rendered against appellees is sustained by the evidence, though, in view of our conclusion that the mortgage is valid, we suppose that this is now a matter of small importance, as the mortgaged property is worth more than the debt.

We concur in the ruling of the chancery court on the question of interest. The mortgage does not, as counsel for appellant contend, provide that the account shall bear interest at the rate of ten per cent., but only that the items of money advanced shall bear such interest. Now these items of money constitute only a small portion of the account, and the amount of the money advanced is not set out in the complaint, nor separated in any way from the other items of the account. The fact that small sums of money were advanced furnished no reason why the whole account should bear interest at the rate of ten per cent. after maturity; and, as the amount of such items of money was not set out in the complaint, the court was not called on to distinguish these money items from other items in the account. The judgment as to the debt and interest is affirmed, but the judgment that the mortgage was invalid is reversed, with an order that a decree foreclosing said mortgage be entered in accordance with this opinion.