## MANCHESTER v. GOESWICH.

## Opinion delivered July 11, 1910.

1. SALES OF LAND—BONA FIDE PURCHASE—ELEMENTS.—The essential elements of a *bona fide* purchase of land are three, viz., a valuable consideration, the absence of notice, and the presence of good faith. (Page 586.)

2. SAME—BONA FIDE PURCHASE—BURDEN OF PROOF.—Where a purchase of land is shown to have been for a valuable consideration, the burden of proving notice of irregularities therein devolves on those who attack it. (Page 586.)

3. MORTGAGES—IRREGULARITIES IN TRUSTEE'S SALE—NOTICE.—Where a mortgage, with power in a trustee to sell on default, provides that the trustee's deed shall be taken as *prima facie* true, and the trustee's deed recites a regular appraisement and sale of the land, and there is no proof that a purchaser of the land had notice of irregularities in the appraisement or sale, the latter's title will be upheld. (Page 586.)

Appeal from Mississippi Chancery Court, Osceola District; *Edward D. Robertson,* Chancellor; affirmed.

*J. T. Coston,* for appellant.

Before land can be sold under a power contained in a mortgage, it must be appraised by three disinterested householders in the county appointed by a justice of the peace who also lives in the county. 69 S. W. 551. They must actually view the property. 94 S. W. 715. And a sale without complying with the statute in these respects is invalid. 105 S. W. 586. The burden was on defendant to show that he was an innocent purchaser. 35 Ark. 102. The recitals in the deed are *prima facie* evidence only. 41 S. W. 488; 66 S. W. 62; 61 Ark. 473; 121 S. W. 357; 14 Ark. 9; 15 Ark. 187; 6 So. 841; 18 So. 46; 28 Pac. 769. Appellee is not an innocent purchaser. 43 Ark. 467; 50 Ark. 327; 121 S. W. 355; 46 N. W. 1135; 10 Ill. 456; 6 La. 39; 22 Am. St. Rep. 725; 126 S. W. 833; 122 S. W. 933; 38 Fed. 486; 15 Pet. 43; 6 Minn. 456.

*W. J. Lamb,* for appellee.

The debtor must do equity before a void sale will be set aside. 117 N. W. 112; 61 S. E. 12. In such case a deed from the mortgagee to the purchaser clothes him merely with the mortgagee's lien on the land. 116 Mass. 108; 1 Mich. 338; 51 Am. Dec. 95; 33 Mich. 392; 47 Barb. 212; 25 N. Y. 320; 54 S. W. 1011. Such sale does not discharge the debt and mortgage. 169 Mass. 179; 47 N. E. 602; 117 Mo. 508; 70 Ill. 46. Appellee is an innocent purchaser for value. 84 Ill. 319; 98 572; 12 Allen 412; 44 N. E. 532; 84 S. W. 417; 23 Atl. 522; 120 Mo. 423; 119 Mo. 280; 92 N. W. 1117; 7 N. W. 826; 79 Ark. 1.

BATTLE, J. Mary Manchester, Nettie Manchester and Jessie Manchester, three sisters, for cause of action against Oscar Goeswich, state: That J. S. Manchester departed this life some time in 1898, intestate, leaving the plaintiffs his only children and heirs surviving; that at the time of his death he was the owner of an undivided three-fourths interest in certain land; that the defendant, Oscar Goeswich, claims to be the owner of the land under the following chain of title.

"1st. By a trust deed executed thereon by J. S. Manchester, January 10, 1896, to W. J. Bowen, trustee, to secure an in-

debtedness mentioned therein to J. H. Hale for the sum of $175 and 10 per cent. interest thereon, due and payable December 1, 1896. * * *

"2d. A sale of said land January 28, 1899, by said W. J. Bowen, trustee, to John A. Lovewell, to satisfy the indebtedness described and set forth in the trust deed.

"3d. A deed June 28, 1900, by said W. J. Bowen, trustee, purporting to convey said land to John A. Lovewell in pursuance of the sale. * * *

"4th. A deed January 17, 1901, by John A. Lovewell, purporting to convey the land to the defendant. * * *

"That the trust deed provided that a sale thereunder must be advertised at least twenty days, and in truth and in fact the sale was not advertised for that time. That the land was not appraised before the sale, or, if appraised at all, the appraisers were not appointed in writing; did not qualify by taking the oath and making a report in writing, and they did not go and view the premises. That the land was, at the time of the sale, worth $1,000, but it was sold to John A. Lovewell for the sum of $200.50, which was a shockingly inadequate consideration for the land. That the defendant has sold, cut and removed from the land $1,500 worth of good and merchantable timber, and has received and collected thereon $1,000 in rents and profits.

"Wherefore plaintiffs pray that the sale be set aside and annulled, that the plaintiffs may have a decree against the defendant for timber cut and removed from the land, and the rents and profits thereon," etc.

The defendant answered and admitted the death of J. S. Manchester, and denied that he was the owner of the land at the time of his death; admitted that the trust deed provided that the sale must be advertised at least twenty days, but denied that the sale was not advertised for that time; denied that the land was at the time of the sale worth $1,000; admitted that it was sold to John A. Lovewell for the sum of $200.50; and denied that it was a shockingly inadequate price for the land; denied that he has sold, cut and removed from the land $1,500 worth, or any other amount, of good merchantable timber, or that he has received and collected thereon in rents and profits the amount of $1,000, or any other sum.

"Further answering the complaint, the defendant stated that the trust deed executed by J. S. Manchester for the benefit of J. H. Hale, and described in the complaint, does not purport to convey but one hundred and one and one-fourth acres of land, the same being the interest of the grantor of the trust deed in the estate of George Manchester, deceased, and simply purports to convey the undivided three-fourths interest of said Manchester in and to the southeast quarter of section 5, less twenty-five acres formerly conveyed to Eliza Yarboro, and the defendant alleged that, since his purchase of the interest of George Manchester under the deed set out in the complaint, he has purchased, and is the owner in fee simple of, the other undivided fourth of said one-fourth section, less the twenty-five acres previously sold.

"Defendant further stated that, from the recitals in the deed for the trustee, W. J. Bowen to John A. Lovewell, it appears that the law was complied with, and that the sale was regular in all respects, and that he believes that the sale was regular and in accordance with the law, and he further stated that the land was not worth more than the price bid therefor by John A. Lovewell at the date of the sale. That he purchased the land about two years after the sale by the trustee, and when land had enhanced in value, and, after Lovewell had made valuable improvements thereon, he paid Lovewell as the consideration therefor the sum of $500; that he made the purchase in absolute good faith, and believing that the title of Lovewell was good, and believing that he was getting a perfect title thereto, and without any notice of any claim by plaintiffs."

The court, having heard the evidence adduced by the parties, found that the defendant was a *bona fide* purchaser for value without notice of the irregularities of the trustee's sale, and was therefore not bound thereby, and dismissed the complaint for want of equity; and the plaintiffs appealed.

The land in controversy, consisting of about one hundred and one acres, was conveyed by J. S. Manchester to W. J. Bowen, in trust to secure the payment of an indebtedness described in the pleadings. The deed was executed on the 10th day of January, 1896. The debt secured by the deed not being paid, the land was appraised by three appraisers, T. J. Lowery.

W. A. Hall and John Jones, on the 28th day of January, 1899, at $300, and sold on that day by the trustee at public sale to John A. Lovewell for $200.50. The land, not having been redeemed, was conveyed to Lovewell by the trustee, W. J. Bowen, on the 28th day of June, 1900; and Lovewell, on the 17th day of January, 1901, sold the land to the defendant for $500, which he paid, and Lovewell conveyed the land to him. Plaintiffs attack the good faith of this sale and conveyance, and seek to set it aside on account of irregularities in the sale by the trustee to Lovewell.

"The essential elements," said Pomeroy on Equity Jurisprudence, "which constitute a *bona fide* purchase are three—a valuable consideration, the absence of notice, and the presence of good faith." (2 Pomeroy's Eq. Jur. (3 ed.), § 745). The court found that the defendant was a *bona fide* purchaser for value without notice of the irregularities of the trustee's sale. The evidence as to the consideration is conflicting, but we think that the preponderance of it sustains the findings of the chancellor. It being shown that the purchase was made for a valuable consideration, the burden of proving notice, in cases like this, devolves on the plaintiffs. 2 White & Tudor's Leading Cases in Equity, 49, 99, 105. Without notice the good faith of the defendant is without question. He purchased the land for a home, and paid full value for it.

The appraisers were not appointed in writing, did not take the oath prescribed by law, did not view the land before appraising it, and made no report in writing of their appraisement. The trust deed under which the land was sold provides that, in the event of sale, the trustee's "deed of conveyance shall be taken as *prima facie* true." The trustee's deed recites that the land was previously appraised as the law provides, and that the sum for which it sold was two-thirds of its appraised value. These recitals are *prima facie* true, and were a sufficient basis upon which the defendant could act, in the absence of notice to him to the contrary. But plaintiffs say that he testified that he did not rely on the recitals. This is true, but he did not say, and there is no proof, that he had notice or evidence to the contrary. He relied upon the trustee's deed in full faith of its sufficiency to convey title, and plaintiffs have failed to discharge the burden resting upon them by showing

that he did not act in good faith, because he had notice at the time he purchased of the irregularities of the sale by trustee.

Decree affirmed.