Ellis *v.* Nickle.

4-4533

Opinion delivered February 22, 1937.

*R. V. Wheeler,* for appellants.

*R. J. Williams,* for appellees.

BUTLER, J. On June 25, 1913, W. H. Ellis purchased from W. E. Elder a 160-acre tract of land situated in Crittenden county, Arkansas, which was conveyed to him by warranty deed. At that time, Sallie E. Ellis was the wife of W. H. Ellis, and of this union there are several children now living. Sallie E. Ellis died on January 4, 1915. In March, 1932, W. H. Ellis, having married again, conveyed the land in question by deed to R. C. Nickle. On December 30, 1932, the children by the former marriage brought suit, alleging that the purchase money for the lands was paid by their deceased mother and that Nickle was advised of this at the time of his purchase from W. H. Ellis. They prayed for a cancellation of the deed to R. C. Nickle and that title to the said lands be vested in them.

Nickle answered denying the material allegations of the complaint and alleging that he had purchased the lands for a valuable consideration without notice of any claim of the children adverse to that of their father. The Missouri State Life Insurance Company intervened, alleging that Nickle was indebted to it and that such indebtedness was evidenced by a note secured by a deed of trust upon the lands in question and praying for foreclosure. On the evidence adduced the trial court found that the defendant, Nickle, was a *bona fide* purchaser without notice, either actual or constructive, of the claims of plaintiffs, dismissed their complaint for want of equity, rendered judgment against Nickle in favor of the intervener and decreed foreclosure and sale of the lands unless the judgment should be paid within a stipulated period. From that part of the decree dismissing the complaint for want of equity, plaintiffs have prosecuted this appeal.

It is the contention of appellants that a clear preponderance of the evidence establishes the fact that the purchase money for the land was paid by their mother and, therefore, the rule announced in *Kline* v. *Ragland,* 47 Ark. 111, 14 S. W. 474, applies. That rule is as follows: ''On the other hand, where the deed is taken in the name of the husband, the purchase money being paid by the wife, no presumption of a gift arises, but there is a resulting trust in favor of the wife, and the husband holds the property thus acquired as trustee for her benefit unless he is able to overcome the presumption by establishing a different intention.'' If it be conceded that the evidence establishes the fact contended for by appellants, a point we find it unnecessary to decide, we are of the opinion that the trial court correctly held that appellee Nickle was a *bona fide* purchaser for value and without notice of the alleged claims of appellant.

It is undisputed that Sallie E. Ellis knew that her husband, W. H. Ellis, was named as grantee in the warranty deed executed by W. E. Elder on June 25, 1913, and that since that date until 1932 he had occupied the lands and used them as his own. He had made a number of mortgages through the years by which the land became

security for various debts which he had contracted and it was generally reputed in the community where he lived that he was the sole and only owner of the property.

On the 29th day of July, 1922, he had executed a mortgage to the Missouri State Life Insurance Company, by which he conveyed the land to secure a loan of $5,700, and on or about the same date he executed another mortgage to one Nelson to secure a debt of $750. In the latter part of 1931, Ellis found himself unable to pay the interest and matured principal installments on the debt he owed the insurance company so that at that time he owed $6,277.48. For a period of about eighteen years appellee Nickle had advanced money to Ellis from time to time to enable him to farm his lands and for the purchase of real estate. He owed Nickle a balance on their business dealings and proposed to Nickle that if he (Nickle) would assume the indebtedness due the insurance company and satisfy the debt due by Ellis to Nickle that he (Ellis) would convey to him (Nickle) the 160 acres of land. Nickle accepted the proposition and, with the consent of the insurance company, executed his note for the present indebtedness to the insurance company and secured it by a deed of trust on the lands in question. Ellis conveyed the lands to Nickle by warranty deed in March, 1932, and, on the 16th day of September of that year, the insurance company satisfied the note and deed of trust given it by Ellis by formal deed of release which was duly recorded with the recorder of deeds in and for Crittenden county.

We think the assumption of debt due by Ellis to the insurance company was a valuable and sufficient consideration paid by Nickle for the execution of the deed by Ellis. The general rule deducible from the authorities which have dealt with the subject may be thus stated: where the purchaser becomes irrevocably bound for the payment of the debt of his vendor for the security of which the property involved is encumbered and the vendor is released from liability, the consideration is such as to create a purchase for value of the lands conveyed. *Henderson* v. *Pilgrim,* 22 Tex. 464; *Drey* v. *Doyle,* 99 Mo. 459, 12 S. W. 287; *Hanold* v. *Kays,* 64 Mich. 439, 31 N. W. 420, 8 Am. St. Rep. 835; *Warren* v. *Wilder,* 114 N. Y.

209, 21 N. E. 159; Case Note 7, L. R. A. (N. S.) 1020; 27 R. C. L. Chapter Vendor & Purchaser, § 460.

In the case of *Manchester* v. *Goeswich,* 95 Ark. 582, 130 S. W. 526, the court states the essential elements of a *bona fide* purchase of land which are three—a valuable consideration, the absence of notice and the presence of good faith. We have seen that the first element obtains in the instant case and where this is true the burden is upon the claimant of real estate as against the purchaser to show that such purchaser had notice, either actual or constructive, of the claimant's rights and that he was not acting in good faith in making the purchase. *Oil Fields Corp.* v. *Dashko,* 173 Ark. 533, 294 S. W. 25. On this branch of the case the evidence on behalf of appellees is to the effect that from his personal knowledge and information derived from general reputation he believed that Ellis was the sole owner of the lands, and that from an inspection of the records he found he was holding under warranty deed, and from 1913 had dealt with the lands as if he were, in fact, the owner. It is also undisputed that Nickle had no actual notice of any claim of the appellants to an interest in the property, but it is contended that at the time of the purchase by Nickle some of the appellants were in actual possession of the lands and had been, with the other claimants, for a long time prior thereto, and that such possession was sufficient to put Nickle on inquiry as to the nature of the possession and the claims under which the lands were held. It is true that appellants, at least some of them, have occupied a portion of the lands practically since its purchase by W. H. Ellis; but the testimony is undisputed that preceding their majority they lived on the lands with their father as members of his family, and since that time have occupied it as tenants or sharecroppers, sustaining to W. H. Ellis exactly the same relation as did his other tenants and share-croppers, and under like contracts. This occupancy by the appellants did not have the effect for which they contend and was not such as to require the purchaser to take notice of any equities they might have in the lands. Generally,

actual, notorious and exclusive possession is notice to the world that the possessor may have some title or interest in the property, and it is incumbent upon the subsequent purchaser to make diligent inquiry to learn the nature of such interest and, if he does not, notice will be imputed to him. Where possession is not exclusive, however, but in connection with the occupancy of another who sustains the relation of parent or who is the owner of the record title, the possession of others will be referable to the possession of the parent or the owner of the record title and is not such as would require the purchaser to make inquiry as to the nature of their possession or any hidden equities which might exist in their favor. *Rubel v. Parker,* 107 Ark. 314, 155 S. W. 114, and cases there cited; *Chaddick v. Morris,* 137 Ark. 467, 208 S. W. 589; *Scott v. Carnes,* 183 Ark. 650, 37 S. W. (2d) 876.

It will be observed that appellants have wholly failed to sustain the burden of proving notice, actual or constructive, and on failure to make such showing good faith will be presumed. On the question of good faith, however, the uncontradicted evidence sustains it. Nickle was not the moving spirit and appears to have been induced to act as much from a desire to favor an old friend and customer as to make any profit for himself out of the transaction.

Comment is made by appellants regarding the indefiniteness of the testimony of Nickle relating to the indebtedness due him personally by Ellis and it is suggested, if not definitely, at least by inference, that the indebtedness of Ellis to Nickle, the satisfaction of which was a part of the consideration, was simulated rather than real. In this connection we are especially invited to an examination of the testimony of Nickle in the transcript. We have examined this testimony and find that, while Nickle was somewhat indefinite as to the amount of the indebtedness and as to how and when it was contracted, appellants on cross-examination did not seek to develop this question. It does appear, however, that there was one item of $7,000 which Nickle loaned to Ellis for the purchase of a tract of land which had not been repaid. It is of no moment what the amount of indebted-

ness of Ellis to Nickle was. The market value of the 160 acres involved in this action was not shown, nor that the debt of Ellis assumed by Nickle was so out of proportion to the value of the property as to be an indicia of bad faith, and, as we have seen, this assumption of indebtedness was a sufficient consideration and the amount of Ellis' indebtedness to Nickle is immaterial. *Adler-Goldman Commission Co.* v. *Clemons,* 64 Ark. 197, 41 S. W. 417.

It appears that at the time of the institution of this suit all of the appellants, save perhaps one, were twenty-five years of age or more and appellee, in the court below and here, invokes the three-year statute of limitation (§ 6961, Crawford & Moses' Digest) in bar of appellants' cause of action. The conclusion reached by the chancellor which we approve renders a consideration of this question unnecessary.

We are of the opinion that a preponderance of the evidence sustains the decree of the trial court, and it is, therefore, affirmed.