DARSOW *v.* LANDRETH.

5-2901                                    365 S. W. 2d 136

Opinion delivered February 25, 1963.

*Huey & Rothwell,* by *William D. Rothwell,* for appellant.

*Mahony & Yocum, Brown & Compton, Tom Haley,* for appellee.

FRANK HOLT, Associate Justice. This action began by the Cameron Crude Oil Corporation filing a Bill of Interpleader for the purpose of determining the true owners of certain oil royalties it holds so that Cameron would know to whom the royalties legally should be paid. The interpleader, Cameron, is the owner and operator of a pipe line and purchases and runs crude oil from oil wells which include two wells on the property in question.

Cameron has accumulated and paid the funds into the registry of the court.

The appellant, Marie E. Darsow, claims she is the sole owner of these funds. The appellees, Letha K. Landreth and numerous other parties hereinafter named, claim they, and not Marie E. Darsow, are the owners thereof. Darsow asserts that her claim arises from a deed dated May 4, 1923, executed by Ben and Minnie Fife.

The primary issue involved in this case is the construction and interpretation of this deed which is a "Mineral Deed and Royalty Contract" conveying an undivided one-half interest "in and to all of the oil, gas and other minerals" that might be produced from certain described lands in Bradley County, Arkansas.

The deed recites that the consideration of $200.00 was paid by V. C. Wall; the granting clause designates Susie C. Eikner as the grantee of an undivided one-half interest in the property in question; the granting clause recites further that the deed is subject to an oil and gas lease [same date as deed] from Fife to Wall, the delay rentals clause is in favor of "V. C. Wall or *her* heirs or assigns," that in the event the lease is allowed to become ineffective for any reason "the lease interest and all future rentals on said land, for oil, gas and mineral mining privileges shall be owned jointly by Ben Fife and V. C. Wall;" the habendum clause is in favor of "V. C. Wall and unto *his* heirs and assigns forever"; the deed recites the grantors are "to warrant and forever defend" said property "unto the said V. C. Wall and unto her heirs and assigns;" the release of dower and homestead rights by Minnie Fife was "unto and in favor of the said V. C. Wall." This deed was recorded as of May 19, 1923 and is hereinafter referred to as the "Eikner Deed." [Emphasis added]

As stated, this deed was dated May 4, 1923. On June 26, 1923, V. C. Wall and Maggie B. Wall, his wife, reconveyed this same property by quitclaim or release deed to the Fifes. This quitclaim or release deed is recorded as of September 19, 1923. Hereafter it is referred to as the "Wall Deed."

Ben Fife died intestate prior to 1929. Beginning in 1929, his widow and heirs made several conveyances through which the undivided one-half interest in question was conveyed to and is now claimed by the following persons: Letha K. Landreth, 1/8; Sue Turley Montgomery, 1/16; W. Shannon Goodwin, Olive L. Goodwin and Mary G. Meinert, 1/64; Wong Wingshear, 1/32; Wong Sam 1/32; First Presbyterian Church of El Dorado, Arkansas, 1/64; Roy Fife, 7/192 and Dr. J. G. Ferguson, 35/192. These parties are the appellees.

The proportions claimed by the appellees add up to an undivided one-half interest which is the same undivided one-half interest claimed by the appellant, Marie E. Darsow, through the "Eikner Deed."

Marie E. Darsow, the appellant, is the daughter of Susie C. Eikner, now deceased. On July 5, 1953, Susie C. Eikner conveyed the undivided one-half interest in question to her said daughter. This deed is recorded as of September 4, 1953. We shall refer to it as the "Darsow Deed."

The trial court held that the "Eikner Deed" created a resulting trust in favor of V. C. Wall; that Wall, as such *cestui que trust*, reconveyed to the Fifes by the "Wall Deed" all the interest the Fifes had conveyed by the "Eikner Deed;" that the execution of the "Darsow Deed" was a violation of the trust by the trustee, Mrs. Eikner, under the "Eikner Deed"; that Darsow is not a *bona fide* purchaser; and ordered Darsow, as successor to the trustee, to execute a deed to the appellees.

From this decree the appellant, Darsow, brings this appeal and for reversal relies on five points which, for purposes of discussion, will be merged into two major points:

1. The court erred in finding a resulting trust in favor of V. C. Wall.

2. Even if a resulting trust were created, the court erred in not finding Darsow to be a *bona fide* purchaser who took free of the trust.

We agree with the trial court's interpretation and construction of the "Eikner Deed" that a resulting trust was created. In this case the consideration was paid by V. C. Wall and the title taken in the name of Mrs. Susie C. Eikner.

"Resulting trusts arise where the legal estate is disposed of or acquired, not fraudulently or in the violation of any fiduciary duty, but the intent, in theory of equity, appears or is inferred or assumed from the terms of the disposition, or from the accompanying facts and circumstances, that the beneficial interest is not to go with the legal title. In such case a trust results in favor of the person for whom the equitable interest is thus assumed to have been intended, and whom equity deems to be the real owner." *Stacy* v. *Stacy*, 175 Ark. 763, 300 S. W. 437, quoting from *Bray* v. *Timms*, 162 Ark. 247, 271 and 272, 258 S. W. 338.

"* * * In *Murchison* v. *Murchison*, 156 Ark. 403-407, 246 S. W. 499, 500, we said: 'while it is necessary that the proof to establish a resulting trust should be clear, satisfactory and convincing, it is not essential that it be undisputed.' In *Reeves* v. *Reeves,* 165 Ark. 505, 264 S. W. 979, we held, quoting syllabus: 'In order to constitute a resulting trust, the purchase money or a specified part of it must be paid by another, or secured by another at the same time or previously to the purchase, and must be a part of that transaction.' " *Stacy* v. *Stacy, supra.*

The deed itself is the best evidence that a resulting trust was intended. In this deed there is a solemn recital that V. C. Wall paid the consideration of $200.00 and took the title in the name of Mrs. Susie C. Eikner. Mrs. Eikner's name does not appear again anywhere in this deed, although the name of V. C. Wall, as previously stated, appears several times in other vital portions of the deed. This court has held that a resulting trust can arise by implication of law and by the circumstance that the money of the real purchaser [Wall] and not that of the grantee [Eikner] in the deed forms the consideration. *Stacy* v. *Stacy, supra; Wilson* v. *Wilson,* 211 Ark. 1030, 204 S. W. 2d 479.

A resulting trust must be established by evidence that is clear, convincing and satisfactory. *Wilson* v. *Wilson, supra; Keith* v. *Wheeler,* 105 Ark. 318, 151 S. W. 284. We think the evidence in this case meets these requirements. Not only does the "Eikner Deed" reflect proof of a resulting trust, the subsequent quitclaim deed shortly thereafter from Wall to the Fifes reaffirms such intent of the parties.

However, where the purchase price is paid by one party, such as Wall in this case, and the title is taken in the name of another, such as Mrs. Eikner, this presumption of a resulting trust is rebuttable. *Dobbs* v. *Dobbs,* 225 Ark. 397, 282 S. W. 2d 812. On this issue the court found that Mrs. Eikner was never in possession of the "Eikner Deed"; that Mrs. Eikner did not recognize that she had any interest in the disputed property until 1953 when an agent for an oil company approached her about securing an oil and gas lease on the property in question, after which she deeded it to her daughter, Mrs. Darsow. There was no proof that Mrs. Eikner furnished the money for the consideration. According to Mrs. Darsow, Mrs. Eikner's brother was in El Dorado, Arkansas during 1923 and was using some of Mrs. Eikner's money to lease and purchase mineral interests in Arkansas. There is no proof that the brother knew Wall, but according to Mrs. Darsow, her mother was acquainted with Wall. The court also found there is no evidence or proof that Wall was the agent for the grantee, Mrs. Eikner, in this transaction.

We agree with the trial court that this proof is insufficient to rebut the proof of a resulting trust when considered in the light of the solemn recitals of the "Eikner" and "Wall" deeds.

Appellant contends that there was no consideration paid by Wall to the Fifes for the May 4, 1923 deed and, therefore, there can be no resulting trust in favor of Wall who did not pay any consideration. The answer to this argument is simple and brief. The deed from the Fifes to Wall recites:

"* * * for and in consideration of the sum of Two Hundred Dollars ($200.00) to us cash in hand paid by V. C. Wall of El Dorado, Arkansas, the receipt whereof is hereby acknowledged, * * *."

We have held that: "* * * Parol testimony is admissible to show the true consideration upon which a deed rests, *but may not be used to show there was no consideration.*" *Mitchell* v. *Smith, Adm.*, 206 Ark. 936, 175 S. W. 2d 201. [Emphasis added] See also *Toney* v. *Raines,* 224 Ark. 692, 275 S. W. 2d 771. The testimony of Mrs. Minnie Fife Shinpoch, widow of Ben Fife, that Wall did not pay the $200.00 as recited in the deed was inadmissible to destroy this resulting trust. Therefore, appellant offers no valid objection on this point.

A beneficiary of a resulting trust, such as Wall, may transfer his interest. *Honnett* v. *Williams,* 66 Ark. 148, 49 S. W. 495; Restatement of Trusts, 2d, § 407; Scott on Trusts, § 407. V. C. Wall had a right to reconvey to the Fifes all his beneficial interest that had been conveyed under the "Eikner Deed". This quitclaim deed terminated the interest of Wall and left Mrs. Eikner, who had the naked legal title, with no further interest in the disputed property. This reinvested in the Fifes title to the questioned property and made it subject to valid transfers by them to the appellees.

The appellant contends that even if the "Eikner Deed" created a resulting trust, Marie Darsow is still entitled to the one-half undivided interest as she is a *bona fide* purchaser of the interest from the trustee. It is true that a *bona fide* purchaser from the trustee takes the property free of the trust. *Ellis* v. *Nickle,* 193 Ark. 657, 101 S. W. 2d 958. The essential elements of a *bona fide* purchase are: (1) valuable consideration, (2) the absence of notice, and (3) the presence of good faith. *Manchester* v. *Goeswich,* 95 Ark. 582, 130 S. W. 526.

As stated by the trial court, the transaction was between the mother and daughter; the consideration was nominal with no independent evidence of payment of

the consideration; the daughter had actual knowledge that the mother did not have possession of the "Eikner Deed"; and Mrs. Darsow had record notice of the resulting trust in the "Eikner Deed" since such deed and the "Wall Deed" were recorded in 1923. Therefore, it cannot be said under the proof in this case that Mrs. Darsow is a *bona fide* purchaser.

Having carefully reviewed all the points relied upon by appellant, we are of the view that the trial court is correct and its decree is accordingly affirmed.