WYATT v. SCOTT.

Opinion delivered November 18, 1907.

1. HUSBAND AND WIFE—WIFE'S SEPARATE PROPERTY—PRESUMPTION.— Kirby's Digest, § 5227, which provides that a husband who has custody, control and management of his wife's separate property will be presumed to be acting as her agent or trustee, but that this presumption may be rebutted by evidence establishing a sale or gift by the wife to the husband, does not require that the rebutting evidence should show a formal gift, it being sufficient if the proof shows that the wife's property was used by the husband in such manner as to preclude the idea that she expected him to account to her as agent or trustee. (Page 358.)

2. SAME—REBUTTING STATUTORY PRESUMPTION.—Evidence clearly showing that a husband received separate moneys of his wife from time to time during a number of years, and expended them for general domestic purposes for the benefit of both, is sufficient to overthrow the statutory presumption that the moneys were received by him as her agent or trustee. (Page 359.)

Appeal from Logan Chancery Court; *J. Virgil Bourland,* Chancellor; affirmed.

STATEMENT BY THE COURT.

Appellants brought suit against appellee in the Logan Chancery Court, to have appellee declared a trustee of and for his wife, Martha F. Scott, during her life, and for appellants since her death, as to all lands purchased by him and the improvements made thereon, alleged to have been purchased and improved with certain moneys received by appellee from his wife; the money being the distributive share of his wife in her father's estate, some of it being the proceeds of the sale of land inherited from her father. The prayer was that judgment be rendered for the amount, and that same be declared a lien on appellee's land so purchased and improved, or else that title to the land be vested in appellants and for all proper relief, that an account be taken of the amounts of money so received, and for rents and profits.

The chancellor found the facts as follows: "That appellants are the sisters and only heirs at law of Martha F. Scott, wife of appellee, R. C. Scott; that the said Martha F. Scott died

childless and intestate in 1902; that appellee and his wife were married in 1861, and her father died in 1863; that appellee received in 1867 her distributive share of the estate of her father, amounting to about $800; that appellee's wife and her sisters partitioned the lands of her father's estate, and that the appellee sold her part of the lands in parcel during the period from 1870 to 1884 for an aggregate sum of about $1,700; that the money arising from the sale of her lands was used from time to time with the knowledge and consent of his wife, along with moneys belonging to appellee accruing from his farm and from trading, for general domestic purposes, and that she did not intend to hold the same as a charge against the appellee, and did no substantive act indicating a purpose to treat the same as a debt against her husband, the appellee; that it is not shown, or attempted to be shown, that appellee used undue influence or artifice; and that the money was used and intended to be used for their common benefit; that some of the money might have been used in the improvement of appellee's lands, but how much or when used is not known."

Upon these facts the chancellor held: "That the moneys which came to appellee's hands in 1867 became his absolutely by virtue of his marital rights, under the law then existing; that as to the money arising from the sale of lands a formal gift was not requisite; that when a wife permitted her husband to mingle her money with his and use it along from time to time through a number of years for domestic purposes and for their mutual benefit, it will be presumed to have been done without any intention to charge the husband with same; that, before appellants could be entitled to have a lien declared against the husband's lands, it would be necessary to show when and how much money was used, and what land it was invested in, and that it was wrongfully converted to such use."

*John M. Parker,* for appellant.

1. When a wife permits her husband to have the custody, care and management of her separate property, the presumption of law is that the husband was acting as the agent or trustee of the wife. Kirby's Digest, § 5227; Lewin on Trusts, § 778. The presumption of a gift to him, because of the control of the money by her husband, is not sufficient to overcome that created

by the statute. A gift from wife to husband must be clearly proved. 81 Ark. 147. And must be fair and reasonable, not imprudent on her part, and not unfairly procured. 20 Cyc. p. 1219; 1 Am. St. 719; 51 *Id.* 281; 34 So. 320; 73 Ga. 275; 75 Ill. 446; 39 N. J. Eq. 215.

2. Acts to protect married women are liberally construed. Const. 1868, art. 12, § 6; *Ib.* 1874, art. 9, § § 7, 8; act April 28, 1873. As there is no sufficient evidence to support a gift, the law implies a trust in the heirs, (10 Am. & Eng. Enc. of Law 1 Ed. p. 25); and the funds may be followed into any land or property invested in by the trustee. *Ib.* p. 47, 62, 21 and note; and 44 note 4, etc.

3. Parol evidence admissible. *Ib.* 26, 30, 49, and 50.

*Priddy & Chambers,* for appellee.

1. The property became the husband's by virtue of his marital rights. 50 Ark. 356; 39 *Id.* 434. The Constitution of 1874 could not divest marital rights acquired before its adoption.

2. No formal gift requisite—an intention sufficient. There was sufficient evidence to rebut the presumption raised by Kirby's Digest, § 5227; 10 S. W. 460; 50 W. Va. 226; 54 Md. 35; 46 N. Y. 218.

3. Where a wife permits her husband for a long period to manage her property, receive rents and profits, and expend surplus without question, a finding of a gift is warranted. 58 Am. Rep. 259; 42 *Id.* 548; 2 Tenn. Ch. Rep. 5; 36 Atl. 607; 1 McN. & G. 599; 36 Eng. Ch. Cas. 643; 92 Am. Dec. 681; 30 Ark. 79; 60 *Id.* 461

4. Kirby's Digest, § 5207, provides that separate property of married woman shall, *so long as they may choose,* be her separate estate. She can do what she pleases with it. While gifts to a husband are scrutinized closely, the object is to ascertain, and not to defeat when ascertained, the real intentions of the parties. 75 Ark. 127.

WOOD, J., (after stating the facts.) The testimony is voluminous. It would be needless to set it out and to discuss it in detail. It suffices to say that we are of the opinion that the chancellor's findings of fact are not

clearly against the weight of the evidence. In fact, the fair preponderance may be said to be in favor of the chancellor's findings.

Appellants rely upon section 5227, Kirby's Digest, as authority for having appellee declared a trustee of the money received by him from his wife, and for the sale of her land. That section is as follows: "The fact that a married woman permits her husband to have the custody, control and management of her separate property shall not of itself be sufficient evidence that she has relinquished her title to said property, but in such cases the presumption shall be that the husband is acting as the agent or trustee of the wife. This presumption may be rebutted by any evidence establishing a sale or gift by the wife to the husband of such property." By the very terms of the statute, the presumption of agency or trusteeship, which follows from the custody, control and management of the wife's property by the husband, may be overcome by evidence showing that the wife gave the property to her husband. It is unnecessary for the proof to show a formal gift, in order to overcome the statutory presumption. But a gift may be and will be inferred when the proof shows that the money was received by the husband and used with the knowledge and consent of the wife in such manner as to preclude the idea or inference that she expected him to account for same to her as agent or trustee. Chancellor Cooper in *Lishey* v. *Lishey*, 2 Tenn. Ch. 5, after citing the rulings of certain English cases, says: "The weight of authority, in accordance with these rulings, undoubtedly is that if the husband and wife, living together, have for a long time so dealt with the separate income of the wife as to show that they must have agreed that it should come to the hands of the husband to be used by him (of course, for their joint purposes), that would amount to evidence of a direction on her part that the separate income, which she otherwise would be entitled to, should be received by him." See also *McLure* v. *Lancaster*, 58 Am. Rep. 259; *Lyon* v. *Green Bay & Minn. Ry. Co.*, 42 Wis. 548, and other authorities cited in appellee's brief. The evidence showing an intent upon the part of the wife to change the character of the holding and destroy the trust which the

law raises should be clear. See *Lishey* v. *Lishey, supra,* and cases cited.

The separate property of a married woman remains such under the law "so long as she may choose." Kirby's Digest, § 5207. She may choose not to have it remain so, as the proof tends strongly to show she did in this case. The proof is clear enough.

The appellee and his wife lived together, after the death of her father, about forty years. As early as 1867 appellee received $800 of the money of his wife for which appellants seek to hold him as trustee. This sum was his by virtue of his marital rights under the law prior to the passage of the act of April 28, 1873, for the protection of married women. From 1870 to 1884 appellee received the further sum of $1,700, as found by the chancellor. The appellee testified that the money turned over to him by his wife from time to time "was done freely and with her full consent, and with the full knowledge of what particular use he expected to make of it. I never in all my life," says he, "heard my wife say or intimate in any way that she wanted the money received from her father's estate kept separate." The testimony shows that he expended the money from time to time during all these years for general domestic purposes for the benefit of both in the usual way "to make a living with, in running the farm, and such like."

The findings of fact and conclusions of law being correct, the decree of the chancery court is in all things affirmed.