FOSTER v. TREADWAY.

Opinion delivered March 27, 1911.

1. RESULTING TRUST—PAROL PROOF.—Where a mother purchased land and took deed to herself, "trustee," parol evidence is admissible to prove that the purchase was made for the benefit of the purchaser's children and paid for out of the proceeds of their homestead. (Page 453.)

2. SAME—WHEN CREATED.—Where, at the time land was purchased by a mother, it was understood that it was for the benefit of her children, and that the purchase money was to be paid out of the proceeds of the sale of their homestead, and such money was so applied at the time the deed was executed to the mother, a resulting trust arose in the children's favor. (Page 454.)

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Carmichael, Brooks & Powers,* for appellant.

Where in a deed the word "trustee" is added to the name of the grantee, but there is no declaration of trust, the word "trustee" may be regarded as *descriptio personae.* 104 Fed. 398. A trust must be declared in writing. 45 Ark. 481, 483; 99 U. S. 100; 56 Ark. 130, 136; 55 Ark. 414; 42 Ark. 503; 41 Ark. 393. An absolute deed cannot be converted into a trust for the benefit of a stranger by parol evidence, unless it be so clear and certain as to leave no well-founded doubt upon the subject. 48 Ark. 169; 45 Ark. 484; 71 Ark. 377; 64 Ark. 162. Declarations of the trustee or beneficiary after the grant are inadmissible. There can be no resulting trust unless the money that purchased the property was the money of the beneficiary. 40 Ark. 68.

*A. J. Newman,* for appellee.

It is admissible to prove by parol testimony any facts, oral agreement or statement of grantee made preceding, immediately succeeding or contemporaneous with the conveyance to prove such conveyance created a trust estate. 45 Ark. 481; 2 Washburn on Real Property, 445, 446; 68 Ark. 326; 65 Ark. 506.

McCulloch, C. J. The appellee's father, Paca H. Treadway, owned a tract of land in Pulaski County, Arkansas, which constituted his homestead, and conveyed a life estate therein to his wife, E. H. Treadway, with remainder over at her death to appellee and his other children, and also to appellant, Mary Jane

Foster, the daughter of E. H. Treadway, by a former marriage. Subsequent to the death of Paca H. Treadway this land was sold and conveyed away, the remaindermen all joining with the life tenant in the conveyance, and out of the proceeds of that sale the appellant was paid in cash her share. Another tract of land, which is the subject of this controversy, was purchased from a man named Smith, and a conveyance was executed to Mrs. Treadway. The deed from Smith to Mrs. Treadway is in ordinary form of a warranty deed, with the exception of the word "trustee" appearing after the name of the grantee, wherever it appears in the several clauses of the deed. Mrs. Treadway and appellee occupied this land up to the time of the death of the former, the other children of Mrs. Treadway having previously executed to appellee a deed conveying to him whatever interest they may have had in the land. Appellant asserts an interest in the land as one of the heirs of Mrs. Treadway, claiming that the latter died seized and possessed thereof. Appellee contends that the land was purchased from Smith for the benefit of himself and the other children of Paca H. Treadway, and that Mrs. Treadway took the title thereto as trustee. He instituted this action in the chancery court of Pulaski County to quiet his title to the land in question. On the trial of the cause the chancellor granted the relief asked by appellee, and an appeal has been duly prosecuted to this court. Learned counsel for appellant insist that the use of the word "trustee" in the deed was only descriptive of the person, and that oral testimony can not be introduced for the purpose of engrafting an express trust upon the deed. This is a question which we do not now deem it necessary to decide, for we think that, according to the preponderance of the evidence, a resulting trust in the land is fully established, in favor of appellee and his grantors, by reason of the fact that the proceeds of sale of their interest in the homestead were used in the purchase of this land from Smith. The law applicable to such state of facts is clearly stated by Mr. Justice Smith in the case of *Milner* v. *Freeman,* 40 Ark. 67:

"When a man buys an estate and takes the deed in the name of a stranger, a trust results by operation of law to him who advances the purchase money. If, however, the nominal purchaser is a child or the wife of the person from whom the money

comes, it is presumed to have been an advancement or a gift. But this presumption is not conclusive. It may be rebutted by antecedent or contemporaneous declarations and circumstances which tend to prove the intention of the person who furnished the money to buy the estate that the grantee should hold as trustee and not beneficially for himself."

The evidence in this case clearly shows that when the land was purchased from Smith it was with the understanding that it was to be a purchase for the benefit of appellee and his grantors, and the proceeds of the sale of the homestead were used in the payment of the purchase price and the cost of improvements subsequently made.

Appellant insists that the homestead was sold long after the purchase of the Smith land, that the proceeds were not applied in payment for the Smith land, if at all, until after the land had been purchased, and that a resulting trust did not arise. But we conclude from the evidence that when the purchase was originally made from Smith it was understood that it was for the benefit of appellee and his grantors, and that the purchase price was to be paid out of the proceeds of the sale of the homestead as as soon as consummated. The deed was not executed by Smith until the homestead was sold, and enough of the proceeds of the sale collected to pay the price of the Smith land. Under that state of facts the trust arose when the land was originally purchased from Smith.

The law touching this question is also settled by Judge Smith in the case just referred to as follows:

"A further objection was that the plaintiff did not pay the purchase money at the time of purchase. The evidence conduced to show that he bargained for the lots before he paid for them; the payment not being completed until the deeds were made. This court in *Sale* v. *McLean,* 29 Ark. 612, and in *Duval* v. *Marshall,* 30 Id. 230, said in effect that, in order to create a trust of this nature, payment of the purchase money must be made at the time of the purchase. By this it was meant that the trust must arise, if at all, from the original transaction, at the time it takes place and at no other time; and that it can not be mingled or confounded with any subsequent dealings."

We are therefore of the opinion that for these reasons the decree of the chancellor is correct, and the same is affirmed.

HART, J., concurs on the ground that the word "trustee" as used in the deed means something different from the word owner, and that parol evidence may be introduced to explain it.