SPRADLING *v.* SPRADLING.

Opinion delivered November 20, 1911.

1. EQUITY—JURISDICTION OF TRUSTS.—Courts of equity have inheren and exclusive jurisdiction of trusts, independently of statute, whether they arise by express declaration or result by implication of law (Page 454.)

2. TRUSTS—WHEN RESULTING TRUST ARISES.—Where land is purchased in the name of one person and the consideration is paid by another, or where the title to land inherited by one person is placed in the name of another, a trust arises in favor of the true owner, which will be enforced in equity.　(Page 455.)

3. SAME—RESULTING TRUST—INTENTION OF PARTIES.—Determination of the question whether a resulting trust arises depends entirely upon the intention of the parties themselves.　(Page 455.)

4. SAME—PRESUMPTION—CONSIDERATION FURNISHED BY WIFE.—Where a deed to land is taken in the name of a husband, the money being paid or the title inherited by the wife, no presumption of an intention to make a gift arises, but there is a presumption of a resulting trust in favor of the wife, unless the evidence establishes a different intention. (Page 456.)

5. HUSBAND AND WIFE—VALIDITY OF GIFT TO HUSBAND FROM WIFE.— While courts of equity scrutinize gifts from a wife to her husband, the purpose of such scrutiny is to ascertain, and not to defeat when ascertained, the real intention of the parties, where the transaction is free from fraud.　(Page 456.)

6. SAME—WHEN PRESUMPTION OF RESULTING TRUST OVERCOME.—Where the evidence clearly proves that a wife made a gift of her land to her husband, without any improper influence on his part and without any intention that he should hold for her benefit, this is sufficient to overcome the presumption that he held as trustee for the wife.　(Page 457.)

7. FRAUDS, STATUTE OF—EXPRESS TRUST.—Where a trust in land is sought to be established by the agreement of the parties, or from the declaration of the beneficial owner of the property, made to establish a trust, it is within the statute of frauds, and must be proved by writing (Page 459.)

8. SAME—EXPRESS TRUST.—When a trust arises from an agreement between the parties or from the declaration of the beneficial owner of the property, it is within the statute of frauds, and must be proved by writing, in the absence of fraud or imposition.　(Page 460.)

Appeal from Cleburne Chancery Court; *George T. Humphries,* Chancellor;   reversed.

*E. G. Mitchell* and *W. N. Ivie,* for appellants; *Mitchell & Thompson,* of counsel.

1.   The demurrer should have been sustained for want of jurisdiction in the chancery court to grant relief to the holder of the equitable title against the holder of the legal title who is in adverse possession.   72 Ark. 256.   It should also have been sustained because the complaint does not state facts sufficient to constitute a cause of action, there being no allegation of fraud, coercion or undue influence in the procurement of the deeds.   75 Ark. 127.

2.   The evidence is insufficient to establish a resulting trust, but on the contrary it is clear that Mrs. Spradling intended the conveyance as a gift to her husband.   While such conveyances are scrutinized with care by the courts, it is for the purpose of ascertaining the real intention of the parties, and, having ascertained it, to carry into effect, not to defeat, such intention, where the transaction is free from fraud or imposition.   75 Ark. 127-132-133;   27 Ark. 77;   40 Ark. 62; 89 Ark. 182;   20 S. W. (Ky.) 609;   44 S. W. (Ky.) 397;   146 Ill. 635.

*M. E. Vinson,* for appellee.

1.   Appellant's contention that the demurrer should have been sustained for want of jurisdiction is not borne out by the complaint.   The allegation in the complaint is that H. H. Spradling after the death of his wife, Emily, had, by right of curtesy, a life estate in the lands.   There can be no adverse possession by a life tenant against the remainderman.   58 Ark. 510; 35 Ark. 84; 60 Ark. 70; 65 Ark. 90; 69 Ark. 539.

2.   The evidence clearly establishes a resulting trust, in that it shows that Mrs. Emily Spradling, at the time the deeds were executed, intended to create a trust for herself and her children, if she should have any, and that in case she should die without issue her husband should be protected against her brothers in the work and improvements he should put on the place; or, as expressed by the witness to whom the deed was executed, and who reconveyed back to Spradling: "The whole thing was done to show a transfer that *in case she died without*

*issue* he could not be beaten out of his work." And that H. H. Spradling recognized that he held as trustee is shown by the fact that he always referred to the land as belonging to Jan and Darcy, the children of his wife, Emily, and stated that he intended to turn the land over to them when they were old enough to manage it. Parol evidence is admissible to show a resulting trust in a deed absolute on its face, even after the death of the grantee. 45 Ark. 472 and cases cited.

In cases of voluntary conveyances without consideration, the slightest evidence will warrant the implication of a trust in favor of the grantor. Hill on Trustees, 196; Bispham's Equity, 149; 139 N. Y. 197. The fiduciary relation existing between husband and wife often creates a trust. 140 Cal. 587. The evidence does not warrant the conclusion that the transactions amounted to an absolute gift of the property to Spradling. The evidence must be clear that a married woman intended such a conveyance as a gift before it will be so construed. 73 Ga. 275; 39 N. J. Eq., 211. See also 47 Ark. 115.

FRAUENTHAL, J. This was an action in equity instituted by Jan Spradling, the plaintiff below, originally against his father, H. H. Spradling, seeking to have him declared a trustee of certain lands for his benefit, and to divest him of the title thereof and invest same in the plaintiff. The complaint in substance alleged that the land in controversy was the property of plaintiff's mother, who inherited it from her father, Calvin Kendall. Calvin Kendall died in 1866, owning about six hundred acres of land, and left surviving him five children, amongst whom was the mother of plaintiff, named Emily, who married said H. H. Spradling. In 1876 said children of Calvin Kendall by mutual agreement divided the lands left by their father between themselves. The land in controversy by said partition was allotted to plaintiff's mother, but at her solicitation the deed therefor from the other heirs was executed to her husband. Subsequently, in 1877, in order to make more effective the title to her husband to said land, the said H. H. Spradling and his wife, Emily, conveyed the same to W.A.Brice, who at once executed a deed therefor to said H. H. Spradling.

In 1886, Emily Spradling died intestate, leaving her child, the plaintiff in this action, and another child who died without

issue. After her death, H. H. Spradling married a second time. It was alleged in the complaint that the land was the sole and separate property of Emily, the first wife of H. H. Spradling, and that the conveyances executed to him therefor were without consideration; that thereby a resulting trust arose in her favor, making her the equitable owner of the land, which descended to the plaintiff, her sole heir.

During the pendency of the suit, H. H. Spradling died intestate, leaving surviving him his widow, E. C. Spradling, and a number of children born of the second marriage. The action was thereupon duly revived in the names of his widow and children.

It appears that B. Massingill had, during the pendency of this suit, instituted an action for the foreclosure of a mortgage executed by said Spradling and his second wife upon the land in controversy. This action was consolidated with the suit instituted by the plaintiff.

Upon the trial of the case, the chancellor entered a decree divesting the title to the land out of the widow and children of said H. H. Spradling by his second wife, and investing the same in the plaintiff. He also entered a decree in favor of said B. Massingill for the foreclosure of said mortgage, and decreed that, upon payment thereof, the plaintiff should be subrogated to all the rights of said Massingill against the estate of said H. H. Spradling. From this decree the widow and children of H. H. Spradling by his second wife have appealed.

The defendant filed a demurrer to the complaint upon the ground that the chancery court had no jurisdiction of the subject of the action, and that the complaint did not state facts sufficient to constitute a cause of action. Counsel for defendant urge that the court erred in overruling this demurrer. This contention is made upon the ground that the complaint also alleged that the defendant was in the possession of the land under said deed from Brice, and that the plaintiff was only asserting an equitable title thereto. It is urged that equity has no jurisdiction to grant relief to the owner of the equitable title against the holder who is in adverse possession of the land under color of title. Reliance for this contention is placed upon the case of *Burke* v. *St. Louis, I. M. & S. Ry.*

*Co.,* 72 Ark. 256. But that case is not analagous to the one at bar. In that case the plaintiff was endeavoring to establish his title to land as against third parties by having them declared trustees for his benefit, and at the same time was endeavoring to remove as a cloud from his title to the land a tax deed under which the defendant claimed title to and held the exclusive possession of the land. It was there held that, the defendant being in exclusive possession of the land under color of title, his title could only be assailed at law in an action of ejectment by one having a better title. But in the case at bar the plaintiff, by direct action, is endeavoring to have the grantee in a deed declared a trustee for his benefit. The purpose of the bill is to have a trust declared resulting from the execution of the deed under which defendant claims to hold the land, and to show that, while by said deed the defendant holds the legal title, in truth and in fact the equitable title and beneficial ownership of the land is in the plaintiff. The complaint in this case seeks the enforcement of a trust springing from the very deed under which defendant claims title to the land. The plaintiff is not endeavoring to remove a title coming from a source independent of and disconnected with himself.

Courts of equity have inherent and exclusive jurisdiction over all kinds of trusts and trustees. They have full and complete jurisdiction of trusts independently of statute, whether the same arise by express declaration and agreement, or result by implication of law. 22 Enc. Pl. & Prac. 9; *McDermutt* v. *Strong,* 4 Johns. Ch. (N. Y.) 687; *Robinson* v. *Robinson,* 45 Ark. 482; *Bland* v. *Talley,* 50 Ark. 71. The court therefore did not err in overruling the demurrer to the complaint.

It appears from the testimony that the land involved in this suit was the separate property of Emily Spradling, who inherited same from her father. In effect, she conveyed the land to her husband, H. H. Spradling, In order to make the conveyance from her more effective, the land was first deeded by her to a third party, who, in pursuance of an agreement to that effect, immediately conveyed it to her husband. There was no consideration for these deeds, and the question involved herein is, was the conveyance executed for the purpose of making a gift to her husband, or did a resulting trust therein arise in her favor by reason of the fact that the consideration therefor,

or in fact the land itself, came alone from her? When land is purchased in the name of one person, and the consideration is paid by another, or where the title to land, inherited by one, is placed in the name of another, it is an established rule of equity that a trust in favor of the true and beneficial owner arises which a court of chancery will declare and enforce against the person in whom the dry legal title alone rests. But a determination of the question as to whether or not such trust results from the transaction depends entirely upon the intention of the parties themselves. When the husband pays the purchase money and takes the deed in the name of his wife, the law presumes that it is his intention to make a gift to her of the land, because he is under obligation to provide for her. "On the other hand, where the deed is taken in the name of the husband, the purchase money being paid by the wife (or the title thereto inherited by her), no presumption of an intention to make a gift arises, but there is a resulting trust in favor of the wife, and the husband holds the property thus acquired as trustee for her benefit, unless he is able to overcome the presumption by establishing a different intention." *Kline* v. *Ragland,* 47 Ark. 111.

A wife, however, may make a direct gift or transfer of her property to her husband, and it will be sustained if not made through improper or undue influence. If the evidence clearly shows that it was the intention of the wife by such transfer to make a gift to her husband, then such transaction will be upheld. In such cases inquiry will be directed to the circumstances under which the instrument of transfer was executed by the wife. If it clearly appears that the transaction between the husband and the wife was fairly entered into, and it was her intention to make to him a gift, it will be held as binding as a transaction made between other parties.

In the case of *Bradish* v. *Gibbs,* 3 Johns. Ch. (N. Y.) 523, Chancellor Kent said: "Gifts by the wife to the husband are to be closely inspected on account of the danger of improper influence; but if they appear to have been fairly made, and to be free from coercion and undue influence, they ought to be sustained."

Courts of equity scrutinize with great jealousy gifts made by a wife to her husband; but, as is said in the case of *Han-*

*naford* v. *Dowdle,* 75 Ark. 127: "After all, the demand for such scrutiny is to ascertain, and not to defeat when ascertained, the real intention of the parties, where the transaction is free from fraud. Notwithstanding that relation, the court will, after having ascertained the intention of the parties to the transaction, and found that there has been no fraud or imposition, uphold rather than frustrate their acts." *McDonald* v. *Smith,* 95 Ark. 523; Hill on Trustees (2 ed.), § 667.

The question in all such cases, then, to be determined is one of intent. The law presumes that the husband holds the legal title to property for his wife, when the conveyance is taken in his name and the property is actually paid for by her, or has come to her by inheritance. This presumption, however, is not conclusive, but may be overcome by clear proof. When the evidence clearly shows that a gift to the husband was actually intended, and that it was not the intention of the wife that the estate should really remain in her, or that he should hold for her benefit, then the presumption that a resulting trust arises in her favor is repelled.

The evidence in the case at bar shows that the relatives of Emily Spradling were averse to her marriage to H. H. Spradling on account of his financial condition, but that she clung on that account the more closely to her husband. When the deeds were executed by the heirs of Calvin Kendall in order to make a division of the lands left by him, she, of her own motion, had the deed for the land coming to her made to her husband— not for her own benefit, but for the sole benefit of her husband, and that he should have the property as his own. At that time the land was unimproved, and her further purpose in having the title placed in his name was that he should own the improvements which he should, and actually did subsequently, make upon the land. Fearing that the conveyance made by the other heirs to her husband was not fully effective, she executed a deed therefor, in connection with her husband, to W. A. Brice, and had him then to convey it to her husband. The undisputed evidence shows that she did this without any coercion or undue influence of her husband, but solely of her own will. She did this for the purpose of giving it to her husband, and, as one of the witnesses expressed it, also that her relatives could not get it.

W. A. Brice, the sole witness to this transaction, testified on behalf of plaintiff that her object in making the deed was for the protection of her husband, in event she should die without issue. The evidence clearly shows that she intended to give this land to her husband, and had the deed executed to him so that he could not be molested in his title thereto by any of her relatives. We are of the opinion, therefore, that the evidence clearly proves that the wife made a gift of the land to the husband without any improper or undue influence upon his part, and without any intention that he should hold for her benefit.

It is true that the witness also stated that she made the deed to her husband so that her relations could not get it in case she should die without children. But this does not show a purpose to place the title in her husband to hold for her benefit. On the contrary, the testimony would evince an intention on her part that she should have no estate or title thereto, either equitable or legal; for if she still retained such a resulting estate or interest in the land, it would upon her death without issue descend to her relatives, a contingency which the testimony of W. A. Brice, the sole witness to the transfer, clearly shows she did not wish or intend should happen. The testimony of some of the relatives of plaintiff that long after the death of his first wife H. H. Spradling stated that he held the land for his two children by his first wife because she owned the land is not in conflict with the testimony of the witness Brice, indicating that she retained no interest for herself and that her husband was not holding the land for her benefit. This testimony of plaintiff's relatives at the most would only tend to prove a declaration of a trust by him in behalf of the two children by the first wife because the land was owned by the first wife prior to the conveyance to him, and because it came through her.

We are of the opinion further that the question involved in this case is ruled by the decision in the case of *Colegrove* v. *Colegrove*, 89 Ark. 182. In that case Mrs. Colegrove owned certain land which she exchanged for certain other property with her stepfather, Mr. Morgan, who conveyed the title to the exchanged land to her husband. The testimony as to the transaction in that case was as follows:

"Mr. Morgan, the stepfather of Mrs. Colegrove, testified that when the property was to be deeded Mr. and Mrs. Colegrove were present, and Mr. Colegrove said that he wanted the property put in his name, because he thought that if his wife should die he would be kicked out of the house by his children; that Mrs. Colegrove told him that she did not want to do it, but that in order to keep down hard feelings she would do it, and the deed was then made to him." The court said:

"If the testimony of Morgan be taken as true, the conveyance to Colegrove by his wife was a gift—it may be a reluctant gift, but still it was a gift, as she directed that the deed be made to her husband, and there is no evidence of fraud, coercion or undue influence inducing her that it be made direct to him." And in that case it was held that no resulting trust arose in favor of the wife.

But it is urged by counsel for plaintiff that the testimony of the witness who stated that she wanted the deed made to her husband so that her relatives could not get it, "in case she died without children," evinced upon her part an intention to create a trust in favor of her children, in case any should be born. But if it be considered that her husband thereby agreed to hold the land for the benefit of any children thereafter born, then this would be in effect a declaration or creation of a trust by agreement or contract, and not one resulting by implication of law. There is no testimony indicating that the husband fraudulently induced the wife to have the deed made to him by reason of a promise that he would convey the land to or hold it for such children. There is no testimony that he acquired the title by any intentionally false or fraudulent promise, so that it could be said that a trust *ex maleficio* arose from the transaction. To create such a trust, the mere verbal promise and its breach is not sufficient. There must be some element of fraud practiced whereby the execution of the deed is induced; and in the case at bar there is not a tittle of testimony indicating that any such fraud was practiced by the husband upon the wife in obtaining this deed. 3 Pomeroy, Equity Jurisprudence, § 1056.

At the time the deed was executed there were no children in being, and therefore they did not advance any money or other right for the land. If, therefore, H. H. Spradling by verbal agreement did promise to hold the land for such children,

it would create an express trust, which, under the statute of frauds, would be void because not in writing. When a trust arises from an agreement between the parties or from the declaration of the beneficial owner of the property, made to establish a trust, it is within the statute of frauds, and must be proved by writing, in the absence of fraud or imposition. Kirby's Digest, § 3666; *Robinson* v. *Robinson,* 45 Ark. 482; *Bland* v. *Talley,* 50 Ark. 71; *Salyers* v. *Smith,* 67 Ark. 526; *Grayson* v. *Bowlin,* 70 Ark. 145.

It follows that the court erred in declaring that when the deed was executed to H. H. Spradling a trust resulted in favor of his wife, or was created in favor of her child, the plaintiff. According to the evidence, it clearly appears that an absolute gift was made by the wife to her husband of the land, and no declaration of trust therein for her child was manifested and proved by any writing signed by her. The decree is accordingly reversed, and this cause is remanded with directions to dismiss the complaint of Jan Spradling and to enter a decree in favor of the plaintiff, B. Massingill, for the foreclosure of his mortgage.

HART, J., (dissenting). The abstract of appellant does not show that he pleaded the statute of frauds, and the statute of frauds can not be availed of unless pleaded. *St. Louis, I. M. & S. Ry. Co.* v. *Hall,* 71 Ark. 302. Besides, I am of the opinion that the decision of the chancellor was correct on the facts. The lands in controversy were inherited by the wife of H. H. Spradling from her father, and in the division of her father's estate they were allotted to her, but the deed was made to her husband, H. H. Spradling. Eli and Belle Kendall, the brother and sister of Mrs. Spradling, testified that they frequently talked with H. H. Spradling about this land, and he always referred to it as belonging to Jan and Darcey Spradling, and told them many times that he intended to turn it over to them as soon as they got old enough to properly manage it, as it was their mother's land and belonged to her boys at her death.

This was a solemn declaration that the land was held by him in trust for his deceased wife. His declarations, though made at a time subsequent to the execution of the deed, were in the nature of admissions of facts, out of which the law would

impose upon him a resulting trust.  *Gainus* v. *Cannon,* 42 Ark. 511; *Leslie* v. *Bell,* 73 Ark. 338.

Appellant seeks to overcome this evidence by the testimony of Brice as to the declarations of Mrs. Spradling made at the time of the execution of the deed, and which are set out in the opinion of the majority.  Brice also stated that H. H. Spradling at that time said:  "That in case they had children this deed would not amount to anything."

Upon this testimony, as above stated, the chancellor found the issues of fact in favor of appellees, and I do not think his finding was against the weight of the evidence.