## LOYD v. BENNETT.

### Opinion delivered April 10, 1916.

1. HUSBAND AND WIFE—DEPOSIT OF MONEY IN WIFE'S NAME.—Money deposited in a wife's name, when done to defeat the husband's creditors, may be reached by them.

2. GARNISHMENT—MONEY IN WIFE'S NAME.—A husband's creditors garnished a bank, which held funds deposited in the wife's name. The wife intervened, and appealed to the circuit court from a judgment against her. *Held*, a judgment against her in the circuit court, that the funds really belonged to her husband, would be upheld.

Appeal from Clay Circuit Court, Western District; *J. F. Gautney,* Judge; affirmed.

The appellant, *pro se.*

1. The evidence is insufficient to sustain the verdict. The proof shows that the money in bank belonged to her. No fraud was alleged or proved.

2. No judgment was ever recovered against W. R. Loyd.

*C. T. Bloodworth,* for appellee.

1. Where a wife permits her husband to use her funds as a basis of credit, she is not permitted to claim it as against her husband's creditors. 107 Ark. 458; 86 *Id.* 486; 84 *Id.* 355.

2. There was no contest over the debt. Loyd did not appeal from the judgment of the justice. The only contest was over the funds in bank.

Kirby, J. Appellee brought suit in the justice court against W. R. Loyd and appellant, Elga Loyd, for $200 claimed to be due as the balance of the purchase price of certain hotel fixtures sold to W. R. Loyd, and caused a garnishment to be issued against the First National Bank. The bank answered, stating it held in its possession a certain amount of money, about $600 due Elga Loyd, but no money or property belonging to W. R. Loyd.

Elga Loyd filed an intervention, claiming the money in the bank as her separate property, and upon the trial a verdict was rendered in her favor, from which Bennett appealed to the circuit court, where upon the trial judgment was rendered against Elga Loyd, from which this appeal is prosecuted.

It is not claimed that appellant was liable to the payment of the debt. It appears from the testimony that appellant had earned a sum of money equal to that deposited in the bank during two years, while engaged as a cook upon a boat of the Northern Construction Company. That she permitted her husband to deposit the money in the bank in his name with his earnings, he already having a bank account, and he checked it out and used it as he did his own.

After the hotel fixtures were bought, the hotel was conducted in the name of both of them, the stationery printed showing them proprietors. The hotel and fixtures burned after Bennett had brought suit to foreclose the lien for the balance of the purchase money and W. R. Loyd agreed to pay him $200 out of the insurance money when collected in settlement of the indebtedness. When the check for $1,000 in payment of the loss was received by Loyd, he deposited $600 of it in the bank in the name of his wife, appellant, and the other $400 in his own name, and drew his out within the day. She gave her husband a check for $325 of the amount deposited to her credit, which was paid to him, and also paid a grocery bill owed by them of $43. She claimed that she had furnished or loaned her husband the amount of $600, which he agreed

to return and that he paid her the money back upon collection of the check from the insurance company, given in payment for the loss, and that it was her individual money and separate property.

The testimony is in conflict, but the evidence is sufficient to warrant the finding by the jury that she had permitted her husband to use the money as his, or without any expectation of it being repaid as a loan, and that the deposit of it in her name was but a subterfuge resorted to to prevent the collection of his debts and the money was in fact being checked out by her for him and used as before, and the judgment can not be disturbed on appeal. *Mitchell* v. *State,* 86 Ark. 488; *Wyatt* v. *Scott,* 84 Ark. 355; *Haycock* v. *Tarver,* 107 Ark. 458.

Appellant's contention that the case must be reversed because the record does not show a judgment had against the defendant or principal debtor in the suit, is not well founded. She claimed to be the owner of the funds in the bank, which the garnishee answered it held for her and filed an intervention therefor, and on appeal to the circuit court, the jury rendered a verdict in favor of the plaintiff and judgment was entered against her claim of ownership of the fund garnished, and it can make no difference with the garnishee about the payment of it so far as her claim is concerned, she having been adjudicated to be without right thereto.

The judgment is affirmed.