GILBERT *v.* GILBERT.

Opinion delivered December 9, 1929.

*C. M. Wofford* and *Daily & Woods,* for appellant.

*A. A. McDonald* and *Cravens & Cravens,* for appellee.

SMITH, J. The parties to this litigation were formerly husband and wife, and the subject-matter of the litigation is the amount of dividends for two years now due and payable on forty-five shares of the capital stock of the Arkansas Coffin Company, an Arkansas corporation.

Guy Gilbert, the plaintiff, brought this suit in the circuit court against the corporation to recover the dividends, each amounting to ten per cent. of the shares of

stock, the certificates for which stood in his own name. Dividend checks had been tendered to him payable to the joint order of himself and Lillie Gilbert, but he refused to accept these checks because they were not payable to him alone. The coffin company filed an affidavit under § 1103, C. & M. Digest, in which it alleged that Mrs. Gilbert, without collusion on its part, claimed an interest in the subject-matter of the litigation, and by appropriate action she was made a party defendant. Thereupon the corporation paid the amount of the dividends into court and was discharged, and the litigation proceeded between Mr. and Mrs. Gilbert.

Mrs. Gilbert alleged that she and her husband had bought jointly ten shares of the stock under an agreement between themselves whereby they were to acquire equal interests, and that later they purchasd five additional shares under a similar agreement. A few years later there was a stock dividend of 200 per cent., amounting to thirty shares, and she alleged that this dividend stock was also owned by them jointly and equally. Upon these allegations she prayed that the cause be transferred to equity, where a trust in her favor might be declared and partition made of the stock, all of which had been issued to, and was outstanding in the name of, her husband.

The court overruled this motion, and proceeded to try the case before a jury. This was error, as the answer set up facts which, if true, would have entitled Mrs. Gilbert to relief which only a court of equity could grant.

In the case of *Spradling* v. *Spradling*, 101 Ark. 451, 142 S. W. 848, it was said: "Courts of equity have inherent and exclusive jurisdiction over all kinds of trusts and trustees. They have full and complete jurisdiction of trusts independently of statute, whether the same arise by express declaration and agreement, or result by implication of law" (Citing authorities).

Under the allegations of the answer Mr. Gilbert, although the apparent owner of the stock in his own right, was, in fact, the owner of a half interest thereof as trus-

tee for Mrs. Gilbert, who sought to have a trust declared and enforced, and for this reason the cause should have been transferred to equity.

The cause was submitted to a jury, and a nine-to-three verdict was rendered in Mr. Gilbert's favor, and from the judgment thereon is this appeal.

For the reversal of this judgment it is insisted that the court erred in not transferring the cause to equity, and in giving instructions numbered 7 and 10 to the jury. But appellee insists that, although error may have been committed in both respects, neither error was prejudicial, as the verdict returned was right, and the chancery court could not have decreed otherwise under the testimony.

Without reviewing the testimony, which we find it unnecessary to do, it may be stated that the testimony is legally sufficient to support the finding that Mr. Gilbert paid for the stock with his own money, except a part thereof, which he borrowed from his wife upon the promise to repay—which promise does not appear to have been kept. But the testimony of Mrs. Gilbert and that of other witnesses who testified in her behalf is to the opposite effect. According to this testimony, the stock was purchased and issued in Mr. Gilbert's name under an agreement that it should be jointly and equally owned, and that Mrs. Gilbert not only paid for all of her half, but that she actually loaned her husband a portion of the money which he used in paying for his own interest.

Instructions numbered 7 and 10, given over Mrs. Gilbert's objections and exceptions, read as follows:

"7. You are instructed that, if a wife or husband advances money or property to the other and permits them to use it as his or her own, the presumption is that it was a gift, unless the contrary is shown." * * *

"10. You are instructed that, before you can find Lillie Gilbert a part owner of the stock in the Arkansas Coffin Company, held in the name of the plaintiff, by reason of the fact that she advanced part of the money for the purchase of the same, you must further find that

there was a definite understanding between the plaintiff and Lillie Gilbert at the time that said money, if any, advanced by her to plaintiff was to be used for the purchase of stock for her.''

It may be stated that the rights of no creditors of either Mr. or Mrs. Gilbert are involved in this litigation, and we have no question of credit extended on the faith of apparent ownership. The sole question for decision is whether a trust arose in favor of Mrs. Gilbert on account of advances made by her to buy the stock.

We are of opinion that the instructions set out above are erroneous, and, in view of the conflict in the testimony, it cannot be said that they were not prejudicial. These instructions placed upon Mrs. Gilbert a burden of proof which, under the law, did not rest upon her, and this fact may have been responsible for the divided verdict of the jury which was returned.

The law of this case was declared by Chief Justice COCKRILL in the case of *Kline* v. *Ragland,* 47 Ark. 111, 14 S. W. 474, where he said:

''And so, when the husband pays the purchase money and takes the conveyance in the name of his wife, the presumption that he *intended* it as a gift is raised from his obligation to provide for her, and there is therefore no presumption of a trust ('Citing authorities). On the other hand, where the deed is taken in the name of the husband, the purchase money being paid by the wife, no presumption of an intention to make a gift arises, but there is a resulting trust in favor of the wife, and the husband holds the propery thus acquired as trustee for her benefit, unless he is able to overcome the presumption by establishing a different intention ('Citing authorities). When it is shown that she intended the purchase for herself, and made the cash payment of the purchase money from her separate means, the fact that the husband takes the conveyance to himself and executes his individual notes for the unpaid purchase money does not defeat the trust that arises in her favor to the extent of the payment made by

her (Citing authorities). The burden is still upon the husband to repel the presumption'' (Citing authorities).

The case of *Spradling* v. *Spradling, supra,* quoted and approved this language which declares the settled law of this State. See also § 5594, C. & M. Digest; *Wood* v. *Wood,* 116 Ark. 142, 172 S. W. 860; *Keith* v. *Wheeler,* 105 Ark. 318, 151 S. W. 284; *Wyatt* v. *Scott,* 84 Ark. 355, 105 S. W. 871; *Brown* v. *Wright,* 58 Ark. 20, 22 S. W. 1022, 21 L. R. A. 467.

For the errors indicated the judgment will be reversed, and the cause remanded with directions to transfer it to the chancery court. It is so ordered.