ROBERTS *v.* PRATT.

Opinion delivered March 7, 1921.

1. TRUSTS—PAROL AGREEMENT—STATUTE OF FRAUDS.—A parol agreement that another shall be interested in the purchase of lands, or a parol declaration by a purchaser that he buys for another, without an advance of money by that other, falls within the statute of frauds, and can not give birth to a resulting trust.

2. TRUSTS—TRUST EX MALEFICIO.—An heir purchasing from his deceased father's estate *held* not a trustee *ex maleficio,* though he orally agreed to hold as trustee for the widow and the other heirs, in the absence of any contention of fraud or sale for inadequate price or that the parties were induced to refrain from attending the sale or from adopting other means for protecting themselves from an improvident sale, and where there was no showing of wrong, and the other heirs did not furnish any of the purchase money.

Appeal from Pulaski Chancery Court; *J. E. Martineau,* Chancellor; reversed.

*Will G. Akers,* for appellants.

The only issues are, (1) Can a parol express trust be engrafted upon the absolute administratrix's deed? (b) Are the appellees estopped by the fact that they agreed to or permitted the conveyance of the lots to Gabe Pratt, Jr., by a deed absolute on its face?

1. A parol trust can not be engrafted upon the absolute administratrix's deed. Kirby's Digest, §§ 3666-7. These sections prohibit the creation of express trusts by parol, but do not prohibit the creation of implied trusts by parol. 73 Ark. 310, 312-13. There was no trust which arose or resulted by implication, and the court erred in declaring a trust. 103 Ark. 145-9; 3 Pomeroy on Equity, pp. 1981-2, § 1030; 73 Ark. 310-13; 84 *Id.* 189-192. This was not an implied trust nor a constructive trust. 3 Pom. on Eq., p. 2007, § 1044; *Ib.*, p. 1983, § 1031; *Ib.* There was no gift, and the instrument does not state a consideration, the consideration being $1,000. See, also, 3 Pom. on Eq., pp. 1991-2, § 1037. An advancement of money by the person claiming to be the beneficiary of a resulting trust is necessary to the creation of a resulting trust. 50 Ark. 71, 76-7. There was no fraud and no trust.

2. Appellees are estopped from asserting as against appellants the existence of a trust relation. They have received adequate compensation for the lots, and no injustice can be done by holding that they are not entitled to take the surplus in the commissioner's hands after the foreclosure sale, but injustice has been done Roberts unless it is held that that surplus, or at least enough thereof to repay the moneys he has expended on Gabe Pratt, Jr.'s, account, is appellant's property and should be delivered to heirs. 84 Ark. 227; 86 *Id.* 486; 92 *Id.* 315-20; 126 *Id.* 595. Roberts is clearly entitled to all the surplus, and the decree should be reversed.

*T. E. Helm,* for appellees.

1. The holding was not an express trust in the sense claimed by appellants.

1. The purchase of the lots by Gabe Pratt, Jr., at the sale, under the agreement and the conveyance to him by the administratrix, constituted and was an implied, resulting or constructive trust. The argument of appellants that it was a parol express trust in the sense

contended for is misapplied, and counsel has wholly misconstrued and misapplied the law applying in this case. C. & M. Digest, § 4868; 70 Ark. 145; 59 Miss. 148; 41 Conn. 278; 25 Ia. 43; 40 Ark. 62, 68. See, also, 132 Ark. 408-9. The statute of frauds does not apply. 70 Ark. 145; *Id.* 146; 105 *Id.* 323. Under the facts of this case, the findings are correct. Gabe Pratt, Jr., was heir to one-sixth interest in the property, and in addition he had the deed from Mary E. Pratt, his mother, to all her dower interest in the property. The decree is in all things correct.

McCulloch, C. J. Gabe Pratt was the owner of two lots in the city of North Little Rock and died intestate, survived by his widow and children, who are appellees in this case. The widow of Gabe Pratt administered on the estate under the orders of the probate court of Pulaski County, and for the purpose of raising funds to pay debts of the estate she sold said lots pursuant to the orders of said probate court; all the proceedings being regular and in accordance with the statute governing such sales. The lots were duly appraised at the sum of $1,300, and at the sale Gabe Pratt, Jr., one of the children and heirs at law of said decedent, became the purchaser for the sum of $1,000. The sale was duly confirmed by the probate court, and a deed was executed to said purchaser by the administratrix.

Gabe Pratt, Jr., the purchaser of said lots, borrowed the sum of $1,000 from the People's Savings Bank of Little Rock and mortgaged the lots to secure the debt. The sum borrowed was used in payment of the purchase price to the administratrix of the Pratt estate. The widow had previously advanced the money to pay off the debts of the estate, and this sum went to her, and she conveyed her dower interest in the lots to Gabe Pratt, Jr.

Appellant, C. G. Roberts, obtained judgment against Gabe Pratt, Jr., in the circuit court of Pulaski County for the recovery of a sum of money paid by said appellant as surety for Gabe Pratt, Jr., on a note executed to

another person for borrowed money. Execution was issued on said judgment and levied on said lots, and appellant became the purchaser at the sale.

The present action was instituted in the chancery court of Pulaski County by the People's Savings Bank and W. E. Lenon, as trustee, to foreclose said mortgage. The suit was against Gabe Pratt, Jr., and appellant Roberts was joined as a defendant as a subsequent purchaser of the mortgaged property. Appellees, who are the heirs at law of Gabe Pratt, deceased, intervened in the action and filed a plea in the nature of a cross-complaint against appellant Roberts and also against Gabe Pratt, Jr., alleging, in substance, that Gabe Pratt, Jr., was not the owner in fee simple of said lots, but that he had purchased the same at the sale by the administratrix under the express agreement that he would hold the title to said lots as trustee for the other heirs, and that he now holds said title in such capacity as trustee. The prayer of the cross-complaint was that the deed to appellant under the execution sale be canceled, except as to the one-sixth interest of Gabe Pratt, Jr., in the land, as one of the heirs at law, and that said interveners be decreed their proportionate part of all the funds raised from the foreclosure sale in excess of the amount necessary to satisfy the mortgage to the plaintiff People's Savings Bank. Appellants answered the cross-complaint and denied that Gabe Pratt, Jr., held the lots as trustee for appellees as alleged, but that on the contrary, the said Gabe Pratt, Jr., became the owner in fee simple as purchaser at the sale by the administratrix, and also that at the time of the execution sale at which appellant became the purchaser he held title to the said property in fee simple subject to the mortgage to the plaintiff People's Savings Bank.

At the trial of the cause there was oral testimony introduced establishing the fact that Gabe Pratt, Jr., purchased said property at the sale by the administratrix at the request of the widow and heirs and upon an express

oral agreement that he would hold the title to said land as trustee for the other heirs. There was no writing between the parties in evidence of the alleged agreement. On the trial of the cause the court decreed a foreclosure of the mortgage to the People's Savings Bank and ordered a distribution of any surplus funds remaining in the hands of the commissioner after the satisfaction of said mortgage, awarding to appellant the share of Gabe Pratt, Jr., as one of the heirs at law of Gabe Pratt, deceased, and the dower interest of the widow which had been conveyed to Gabe Pratt, Jr., and the remainder was apportioned to the appellees as the other heirs of Gabe Pratt. The court held that there was a valid and enforcible trust estate in the land in favor of appellees.

The testimony clearly shows an attempt to establish an express trust by oral agreement, but this is forbidden by the statute of frauds. In the case of *W. B. Worthen Co.* v. *Vogler,* 145 Ark. 161, we said:

"It is too well established for controversy that a parol agreement that another should be interested in the purchase of lands without the advance of money by the other person, and there being no other element in the case than that of a broken promise to reconvey, is within the statute of frauds, and can not be made the basis of a trust, either express or implied."

In that case we also quoted the following from *Bland* v. *Talley,* 50 Ark. 71: "Now, a parol agreement that another shall be interested in the purchase of lands, or a parol declaration by a purchaser that he buys for another, without an advance of money by that other, falls within the statute of frauds, and can not give birth to a resulting trust."

Nor does the transaction contain any of the elements of a trust *ex maleficio.* There is no contention that there was any fraud committed—not even a broken promise to reconvey the property. There is no contention that the property was sold for an inadequate price, or that the parties were induced to refrain from attending the sale

or from adopting other means for protecting themselves from the consequences of an improvident sale. There is, in fact, nothing in this case to establish a trust except the express agreement of the parties. Therefore, it can not be said that there was any wrong, either actual or constructive, committed by the trustee sufficient to justify a court of equity in declaring the existence of a trust *ex maleficio. Ammonette* v. *Black,* 73 Ark. 310;..*W. B. Worthen Co.* v. *Vogler, supra.* It is clear that no trust resulted, for appellees did not furnish any of the funds used in purchasing the property. They did not furnish the property itself nor an interest therein because it was sold under an interest (that of the creditors of the estate) which was superior to that of the heirs. It is therefore unnecessary to cite any authority to show that there was no resulting trust.

It is not contended that the conveyance constituted an equitable mortgage. There is no testimony tending to show that there was an agreement on the part of Gabe Pratt, Jr., to hold the property as security for debts or for funds advanced to pay off the debts of the estate. There was no intention to create a mortgage and no basis in the facts of the case for the court to declare an equitable mortgage. In other words, we find that, according to the undisputed testimony, there is nothing in the way of an attempt to create a trust except an express agreement on the part of Pratt, Jr., that he would hold the land and title for himself and as trustee for the other heirs. This agreement, as before stated, is within the statute of frauds and is unenforceable.

The chancery court was, therefore, in error in declaring a trust, and the decree is reversed and the cause remanded with directions to dismiss the cross-complaint of appellees for want of equity, and to render decree in favor of appellant C. G. Roberts for the surplus funds in excess of the amount necessary to pay off the debt due the plaintiff, People's Savings Bank.